IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BOWER, | : | |
|     Petitioner | : | No. 4:12-cr-156 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

**MEMORANDUM**

Before the Court is Petitioner Charles Bower's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 78.) Also before the Court are: Petitioner's motion pursuant to Rule 35 (Doc. No. 66); motion for declaratory judgment (Doc. No. 83); motion to stay or suspend the sentencing pending appeal and a request for an order declaring H.R. 3190/Public Law 80-772 unconstitutional (Doc. No. 87); and "Complaint for Injunction Against Unconstitutional Disciplinary Hearing" (Doc. No. 90). For the reasons that follow, the Court will deny Petitioner's motion to vacate (Doc. No. 78). The Court will also deny his motion for declaratory judgment (Doc. No. 83), his motion under Rule 35 (Doc. No. 66), and his motion to stay or suspend sentencing pending appeal (Doc. No. 87). The Court will decline to act on Petitioner's "request" for an order declaring H.R. 3190/Public Law 80-772 unconstitutional (Doc. No. 87), and dismiss Petitioner's "Complaint" (Doc. No. 90).[1]

---

[1] This Memorandum will specifically address the basis for denying Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 78), as well as Petitioner's motion for a declaratory judgment (Doc. No. 83). With regard to Petitioner's other filings (Doc. Nos. 87, 90), this current proceeding does not constitute the proper avenue to seek redress with respect to those particular issues. Docket Number 87, which seeks to stay or suspend the execution of Petitioner's sentence per Federal Rule of Criminal Procedure 38, is improvidently filed in light of the fact that Petitioner has not filed an appeal of his sentence. In addition, the Court is not required to address the constitutionality of H.R. 3190/Public Law 80-772 because that issue is not before the Court. Docket Number 90, through which Petitioner sets forth a "Complaint" against several officials who are not parties to the instant case and appears to seek redress under 42 U.S.C. § 1983, will not be entertained by the Court as improvidently filed. The Court encourages Petitioner to

I.  **BACKGROUND**

On June 14, 2012, a grand jury indicted Petitioner Charles Bower on one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. No. 1.) Petitioner entered into a plea agreement on March 12, 2014 (Doc. No. 29),[2] and the Court accepted Petitioner's plea of guilty on April 17, 2014 to the lesser included offense contained in the one count of methamphetamine distribution. (Doc. Nos. 35, 36.) On January 22, 2015, this Court sentenced Petitioner to a term of eighty-six months of imprisonment. (Doc. No. 59 at 2.)

On December 30, 2015, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 63.) The Court directed Petitioner to file a notice of election. (Doc. No. 65.) Petitioner did not return the Court-issued notice of election. Instead, Petitioner filed a Rule 35 motion on February 16, 2016 (Doc. No. 66). On May 3, 2016, the Court directed the Clerk of Court to serve a copy of the Section 2255 motion (Doc. No. 63), upon the United States Attorney for the Middle District of Pennsylvania and ordered the Government to respond to Petitioner's Section 2255 motion on or before May 19, 2016. (Doc. No. 69.) On June 8, 2016, the Government filed a brief in opposition to Petitioner's December 30, 2015 motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 75.)

However, on May 23, 2016, Petitioner submitted a letter stating that Petitioner did not receive a notice of election from the Court. (Doc. No. 74.) As a result, on June 8, 2016, this

---

investigate the appropriate procedures for initiating such an action, including the payment of the associated filing fee. Lastly, the Court will Petitioner's motion under Rule 35 (Doc. No. 66), because it appears to lack any legal or factual basis.

[2] The plea agreement included a provision whereby Petitioner agreed to waive his right to appeal or collaterally attack his conviction and sentence. (Doc. No. 29 at 24.) However, during the sentencing hearing, Assistant U.S. Attorney William A. Behe stated that: "The [G]overnment no longer takes that position, that a defendant is barred from proceeding if he felt that there was a need to collaterally attack the conviction through a 2255 motion." (Doc. No. 70 at 27-28; Tr. at 27: 24-25, 28: 1-2.)

Court again directed Petitioner to complete and file a notice of election form. (Doc. No. 76.) On July 6, 2016, Petitioner returned the notice of election and elected to "withdraw [his] motion, petition, or pleading" in favor of filing a "one, all-inclusive motion under 28 U.S.C. § 2255 within the one-year limit for filing such a motion." (Doc. No. 77.)

Petitioner filed an all-inclusive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on July 6, 2016. (Doc. No. 78.) On July 26, 2016, this Court ordered the Clerk of Court to serve a copy of the all-inclusive Section 2255 motion on the Government. The Government filed a supplemental brief in opposition to the pending Section 2255 motion on August 24, 2016. (Doc. No. 81.) On September 2, 2016, Petitioner filed an affidavit in reply to the Government's brief in opposition. (Doc. No. 82.) Subsequently, on October 13, 2016, Petitioner filed a motion for declaratory judgment, challenging this Court's jurisdiction. (Doc. No. 83.) The pending Section 2255 motion, filed on July 26, 2016, and the motion for declaratory judgment are ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. United States v. Addonizio, 442 U.S. 178, 185 (1979). Rather, Section 2255 is implicated only when the alleged error raises "'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 185 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

### A. Section 2255 Motion

Petitioner raises the following grounds in support of his Section 2255 motion: (1) the Government failed to fulfill its promise to recommend a reduction in his offense level, Petitioner's counsel was ineffective in not objecting to the Government's failure to fulfill its promise, and this Court violated Petitioner's "right to receive" a three-level reduction in his offense level for acceptance of responsibility (Doc. No. 78 at 4, 14-15); (2) the change of plea colloquy failed to satisfy Rule 11 of the Federal Rules of Criminal Procedure (Id. at 15-16); (3) the Government breached the plea agreement and evidenced prosecutorial misconduct by arguing for a "two-level" enhancement and this Court erred in applying a two-point "enhancement for a weapon" (Id. at 17-18); (4) Petitioner is entitled to a sentence reduction under Amendment 782 (Id. at 18-19); (5) the sentence is invalid under "Rule 35" because the Government did not "prove they had jurisdiction" (Id. at 20); and (6) this Court failed to consider all of the "3553 factors" (Id. at 20-21).

The Government largely declines to address the merits of Petitioner's Section 2255 motion and argues that the majority of Petitioner's claims are procedurally defaulted. (Doc. No. 75 at 6) (citing United States v. Pelullo, 399 F.3d 197, 223 (3d Cir. 2005)). As the Government notes in its opposition to Petitioner's Section 2255 motion, "[a]ll of these claims, with the exception of the one addressed at counsel for allegedly failing to object to the denial of credit for acceptance of responsibility, needed to be raised on direct appeal or else the defendant would be barred from raising them via a 2255 motion." (Doc. No. 75 at 5-6.) The Court first addresses the issue of procedural default.

#### 1. Procedural Default

The issue of procedural default is presented by Petitioner's waiver of his rights to direct appeal and collateral review, which formed part of his plea agreement.[3] The Government argues that procedural default has occurred because Petitioner cannot "raise by 2255 motion what he has bargained away" in entering into a plea agreement that includes a waiver of the right to appeal. (Id.) The United States Court of Appeals for the Third Circuit provides the applicable standard as follows:

> Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review. Put differently, a movant has procedurally defaulted all claims that he neglected to raise on direct appeal. But courts will exempt a movant from that rule if he can prove either that he is actually innocent of the crime for which he was convicted, or that there is a valid cause for the default, as well as prejudice resulting from the default.

Hodge v. United States, 554 F.3d 372, 378-79 (3d Cir. 2009). Pursuant to this standard, a movant is required to demonstrate actual innocence or cause and prejudice in order for procedural default to be excused.

In the instant case, Petitioner has procedurally defaulted on the claims raised in his Section 2255 motion through his failure to raise them on direct appeal by operation of his direct appeal waiver. United States v. Bousley, 523 U.S. 614, 622 (1998). Pursuant to the standard articulated above, in order for his procedural default to be excused, Petitioner must demonstrate either actual innocence or cause and prejudice. Here, Petitioner has failed to make such a showing, as he fails to allege actual innocence or cause and prejudice, nor does he present any facts that would support such assertions. (Doc. No. 78.) Consequently, the Court is persuaded by the Government's argument that Petitioner has not demonstrated cause for and prejudice

---

[3] During sentencing proceedings, the Government stated that it would not seek to enforce the provision of Petitioner's plea agreement pertaining to a waiver of the right to bring a motion pursuant to 28 U.S.C. § 2255. (Doc. No. 70 at 27-28; Tr. at 27: 20-25, 28: 1-3.)

5

resulting from his procedural default and is thus precluded "by his direct appeal waiver from pursuing these issues by way of 2255 motion." (Doc. No. 75 at 6.)

### 2. Merits

However, even if this Court were to assume that Petitioner's claims were not procedurally defaulted, Petitioner would still not be entitled to relief, as all of his Section 2255 claims are without merit.[4]

#### a. Three-Level Reduction for Acceptance of Responsibility

First, Petitioner argues that the Government failed to fulfill its promise to recommend a three-level reduction in Petitioner's offense level for acceptance of responsibility and that this Court violated his "right to receive" the three-level reduction. (Doc. No. 78 at 14-15.) Petitioner also appears to contend that his counsel at sentencing was ineffective in not objecting to the Government's failure to recommend a three-level reduction. (Doc. No. 78 at 4.) The Government responds that the plea agreement provides for a conditional recommendation for a reduction for acceptance of responsibility. (Doc. No. 75 at 9.)

The Supreme Court has held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). However, "in enforcing plea agreements, the [G]overnment is held only to those promises that it actually made to the defendant." United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994).

---

[4] Typically, this Court would not address the merits of Petitioner's claims that are found to be barred by procedural default. However, out of an abundance of caution, the Court will examine the merits of Petitioner's claims.

Here, the plea agreement leaves the decision to recommend a two or three-level reduction for acceptance of responsibility within the discretion of the Government. (Doc. No. 29 at 8.) The agreement provides, in relevant part, as follows:

> If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two [three]-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a two [three]-level reduction shall not be a basis to void this Plea Agreement.

(Id.) During the sentencing hearing, the Probation Office informed the Court that Petitioner was rearrested while released on bail, "found in possession of drug paraphernalia," and admitted that "he'd probably be 99 percent positive for meth." (Doc. No. 70 at 13; Tr. at 13: 6-13.) Petitioner's counsel disputed the Probation Officer's earlier report that Petitioner struck his mother and stressed that Petitioner tested negative for methamphetamine at Columbia County Prison in January. (Id. at 10; Tr. at 12-22.) Petitioner's counsel then inquired as to the Government's position on whether Petitioner should receive the three-level reduction for acceptance of responsibility. (Doc. No. 70 at 11; Tr. at 11: 12-14.)

When asked whether Petitioner should receive a reduction for acceptance of responsibility, the Government responded as follows:

> No, I have a difficult time accepting that people who are on bail continue to use drugs and get in a contact with their mother and the mother calls and reports it. I know the [G]overnment has taken a position that they're going to recommend acceptance if he can demonstrate he's accepted it …. It's enough that it's brought to the court's attention. And I'd defer to you as to what you think is appropriate based on all the facts in this case and the defendant's history of drug use. Yes.

(Id. at 12-13.) The Court determined that, under the circumstances, Petitioner did not deserve credit for acceptance of responsibility. (Id. at 13-14, 24; Tr. at 13: 14-16; 14: 2-3; 24: 2-5.) However, later in the sentencing hearing, Petitioner's counsel revisited the matter of the three-

7

level reduction and argued to the Court that Petitioner had "accepted responsibility up until November" and that counsel blamed himself for not keeping Petitioner in prison, stating, "It was my mistake, I should have kept him in prison." (Id. at 24; Tr. at 24: 2-8.)

In light of the discretionary language of the plea agreement and Petitioner's conduct thereafter, the Court cannot find that the Government breached the terms of the plea agreement. The Government acted within the discretion provided by the plea agreement, and this Court finds no error in its denial of the three-level reduction given the circumstances. See United States v. Villarreal, 351 F. App'x 332, 336 (10th Cir. 2009) (citing United States v. Dominguez-Beltran, 184 F. App'x 799, 803 (10th Cir. 2006)) (stating that "the [G]overnment does not breach a plea agreement by failing to move for a downward departure if the plea agreement leaves the decision to the sole discretion of the prosecutor and the prosecutor is not motivated by an unconstitutional motive"); see also United States v. Roland, 336 F. App'x 274, 275-76 (3d Cir. 2009) (affirming district court's conclusion that the Government acted appropriately in not moving for a downward departure in light of the discretionary language of the plea agreement). The Court also finds that Petitioner's assertion that his counsel was ineffective for not objecting to the Government's approach to the three-level reduction is unsupported by the record, as his counsel challenged portions of the Probation Office's account of Petitioner's conduct and attempted to accept fault for Petitioner's conduct. Accordingly, the Court finds no merit in Petitioner's arguments relating to this Court's denial of the three-level reduction in Petitioner's offense level for acceptance of responsibility.

### b. Change of Plea Colloquy

Second, Petitioner argues that the colloquy at his change of plea hearing violated Rule 11 of the Federal Rules of Criminal Procedure because: (1) he was not informed that the Court

8

could depart from the sentencing guidelines; (2) the colloquy did not ask whether his plea was being entered voluntarily and was "not the result[] of threats or promises apart from those in the plea agreement;" and (3) the colloquy did not confirm "that there was a factual basis for [Petitioner's] plea." (Doc. No. 78 at 16.)

"In order for a guilty plea to comply with the requirements of the Due Process Clause of the Fifth Amendment, it must be knowing, voluntary and intelligent." United States v. Tidwell, 521 F.3d 236, 251 (3d Cir. 2008) (citing Bousley v. United States, 523 U.S. 614, 618-19 (1998)). "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002).

Here, Petitioner entered a plea of guilty before Magistrate Judge Arbuckle on March 27, 2014. (Doc. No. 68.) During the change of plea colloquy, Magistrate Judge Arbuckle informed Petitioner that the undersigned has the "authority to go either higher or lower than the guideline range" (Doc. No. 68 at 9, Tr. at 9: 4-9), inquired into whether anyone had "made any threats or promises that aren't contained in the plea agreement"[5] (Id. at 5, Tr. at 5: 14-16), and asked Assistant U.S. Attorney William C. Simmers to discuss the factual basis supporting Petitioner's guilty plea (Id. at 18-19). Therefore, given that Magistrate Judge Arbuckle's Rule 11 colloquy addressed the three concerns Petitioner raised, the Court finds Petitioner's arguments relating to the change of plea colloquy to be unavailing and unsupported by the record.

c. **Two-Level Enhancement**

---

[5] Magistrate Judge Arbuckle followed up by asking: "There have been no winks or nods, go ahead and plead guilty and we'll take care of it later?" (Doc. No. 68 at 5, Tr. at 5: 17-19.)

9

Petitioner also argues that the Government breached the plea agreement and that this Court abused its discretion when a two-point enhancement "for a weapon" was applied by "the way of 'relevant' conduct." (Doc. No. 78 at 5, 17-18) Petitioner stresses that the Indictment does not reference a weapon and that there "was no mention of a weapon at any of [his] hearing[s]."[6] (Doc. No. 82 at 2.) The Court construes Petitioner's argument as challenging the Probation Office's recommendation of a two-level increase for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). (Doc. No. 53 at 5.)

Regarding the application of § 2D1.1(b)(1), "the [G]overnment must show only that the defendant 'possessed' a dangerous weapon, and it can do so by establishing 'that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.' Once the [G]overnment makes out a prima facie showing that the defendant drug-dealer possessed a weapon, the burden of production shifts to the defendant to demonstrate that the connection between the weapon and the drug offense was 'clearly improbable.'" United States v. Napolitan, 762 F.3d 297, 309 (3d Cir. 2014). U.S.S.G. § 2D1.1(b)(1) "does not require a

---

[6] In a related argument, Petitioner appears to contend that he lacked the proper notice to object to the "additional charge[]" that was not "in the indictment." (Doc. No. 78 at 7, 17.) Petitioner appears to argue that he was not provided notice that this Court was contemplating a "departure" in violation of Fed. R. Crim. P. 32(h). Federal Rule of Criminal Procedure 32(h) provides that:

> "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure."

Fed. R. Crim. P. 32(h). "An 'enhancement' is an adjustment to the base offense level as specifically provided by the Guidelines, whereas an 'upward departure' is a discretionary adjustment to the Guidelines range once calculated." United States v. Shedrick, 493 F.3d 292, 298 n.5 (3d Cir. 2007). Here, this Court applied a two-level enhancement, rather than an upward departure. Therefore, Petitioner's argument regarding notice of potential departure is unavailing.

10

connection between the firearm and the drug offense, but requires only that the firearm was 'possessed' by the defendant." Id. (citing U.S.S.G. § 2D1.1(b)(1)).

Here, the Probation Officer reported that an assault rifle, which was loaded with sixteen roads of ammunition, was found in Petitioner's home "from which three controlled purchases of methamphetamine were made." (Doc. No. 54 at 1.) Both the Government and Petitioner's counsel objected to the two-level enhancement. (Doc. No. 54 at 4; see Doc. No. 54 at 1-2.) Both parties questioned whether proof existed showing that Petitioner possessed the assault rifle in connection with the offense in question. (Doc. No. 54 at 4-5; see Doc. No. 54 at 1.)

During his sentencing, Petitioner testified that he kept the assault rifle for a friend, Kathy Heeter, at the home he shared with his mother. (Doc. No. 70 at 15-16; Tr. at 15: 11- 25; 16: 1-6, 17-22.) Petitioner testified that the assault rifle was a present for Kathy Heeter's boyfriend and admitted that drug trafficking occurred in the house, but denied possessing the weapon while delivering or manufacturing methamphetamine. (Id. at 16, 20; Tr. at 16: 9-14, 23-24; 20: 20-21.) However, the Probation Officer represented that Petitioner's mother reported that the assault rifle belonged to Petitioner and that Petitioner had "obtained the weapon on a trade for 'something.'" (Doc. No. 54 at 1; see Doc. No. 70 at 21-22; Tr. at 21: 22-25; 22: 1-10.) After inquiring into whether the Probation Officer found Petitioner's mother convincing, this Court overruled the objection and applied the two-level enhancement. (Id. at 22; Tr. at 22: 5-6, 17-19.)

The Court remains persuaded that the evidence shows Petitioner constructively possessed the assault rifle. "[T]he government may prove constructive possession if it can show that the defendant exercised ownership, dominion, authority, or control over the illicit material." United States v. Starks, 309 F. 3d 1017, 1022 (7th Cir. 2002) (citations omitted). Petitioner testified that he placed the assault rifle in his home's junk room where he and his mother store food and that

he stored it for his friend. (Id. 15-16, 19-20; Tr. at 15: 11-25; 16: 1-6; 19: 13-16; 20: 8-11.) Based on the testimony provided at Petitioner's sentencing hearing, the Court finds no error in its conclusion that Petitioner constructively possessed a dangerous weapon and that Petitioner failed to demonstrate that "the connection between the weapon and the drug offense was 'clearly improbable.'" See Napolitan, 762 F.3d at 309.

### d. Sentence Reduction under Amendment 782

Petitioner further argues that he is eligible for a sentence reduction under Guidelines Amendment 782. (Doc. No. 78 at 18-19.) Amendment 782 to the United States Sentencing Guidelines, effective on November 1, 2014, "reduced by two the base offense levels assigned to specific drug quantities." In re Jones, 639 F. App'x 776, 777 (3d Cir. 2016). Petitioner appears to assert that Amendment 782 should be applied to his sentence, resulting in a reduction. (Doc. No. 78 at 18-19.) However, Petitioner has also filed a separate motion to reduce his sentence per Amendment 782. (Doc. No. 67.) Because Petitioner has filed a separate motion to reduce his sentence, the Court declines to address the applicability of Amendment 782 to his sentence in this Memorandum.

### e. Jurisdictional and Section 3582 Arguments.

Petitioner also attacks the validity of his sentence by arguing that the Government failed to "prove they had jurisdiction" (Doc. No. 78 at 20), and that this Court failed to consider all of the Section 3553(a) factors in connection with his sentencing. (Id. at 20-21.) The Government argues that this Court had original jurisdiction over "all offenses against the laws of the United States" and that venue was proper because Petitioner's conduct occurred within the Middle District of Pennsylvania. (Doc. No. 81 at 2.) The Government also contends that this Court did "review the factors under 18 U.S.C. § 3582 before imposing [Petitioner's] sentence." (Id.)

As to Petitioner's jurisdictional argument, the indictment charged Petitioner with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 within the Middle District of Pennsylvania. (Doc. No. 1.) "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C.A. § 3231. Therefore, because the indictment charged Petitioner with "violating the laws of the United States, Section 3231 provides the district court with subject matter jurisdiction." See United States v. Potts, 251 F. App'x 109, 111 (3d Cir. 2007). Therefore, Petitioner's argument is meritless.

With respect to Petitioner's Section 3553(a) argument, the record shows that this Court considered, in connection with Petitioner's sentencing, the seven factors set forth in 18 U.S.C. § 3553, and determined that Petitioner's sentence was "sufficient but not greater than necessary to comply with the purposes set forth in 18 United States Code, Section 3553(a)(2)." (Doc. No. 70 at 28, 31; Tr. at 28: 4-7; 31: 14-17.) Accordingly, the Court similarly finds Petitioner's argument relating to 18 U.S.C. § 3553 to be without merit.

### f. Certificate of Appealability

In proceedings brought under 28 U.S.C. § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. Under Section 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not find this Court's assessment of Petitioner's claims to be "debatable or wrong." Accordingly, a COA will not issue in this case.

### B. Motion for Declaratory Judgment

In his motion for declaratory judgment, Petitioner again raises numerous arguments that challenge the Court's jurisdiction. (Doc. No. 83.) The Court will deny Petitioner's motion for declaratory judgment on the same grounds that this Court determined that Petitioner's jurisdictional challenge, asserted in connection with his Section 2255 motion, lacked merit.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's motion under 28 U.S.C. § 2255 (Doc. No. 78) lacks merit and will be denied. Petitioner's motion for declaratory judgment (Doc. No. 83), will also be denied. An Order consistent with this Memorandum follows.